**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CASTILLO GRIMALDO,

Petitioner,

v.

MARKWAY MULLIN ET AL.,

Respondents.

Case No. 5:26-cv-02402-AYP

**ORDER DENYING IN PART AND GRANTING IN PART PETITION AND ISSUING A WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Rosa Castillo Grimaldo, Petitioner, is a native and citizen of the Mexico who is currently in the physical custody of Respondents at the Adelanto ICE Processing Center, in Adelanto, California. Petitioner was brought to the United States when she was six (6) years old at an unknown time and at an

unknown place without being admitted or paroled. She has remained in the country since then and is currently thirty-three (33) years old. Petitioner was previously detained by Immigration Customs and Enforcement ("ICE") between January 2020 and October 2020. On June 29, 2020, Petitioner was found incompetent to represent herself due to her severe mental health issues and appointed a Qualified Representative to represent her in her removal proceedings pursuant to the *Franco-Gonzalez v. Holder* litigation. She was released from ICE custody by the court pursuant to the *Roman* class action in October 2020. Over the years, she was convicted of several crimes including burglary and theft. On June 16, 2025, Petitioner was transferred directly from California State criminal custody to ICE custody.

For the reasons stated below, the Court finds that 8 U.S.C. § 1226(c)(1)(E) controls Petitioner's detention, thus she was not entitled to pre-deprivation bond hearing prior to her detention. However, as Petitioner has been in custody for longer than fifteen months, the Court finds her detention is unreasonably prolonged and that she is owed a bond hearing within seven days. The Court, therefore, GRANTS in part and DENIES in part the Petition.

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of the Mexico who is currently in the physical custody of Respondents at the Adelanto ICE Processing Center, in Adelanto, California. (Dkt. No. 1 ("Petition").) Petitioner was brought to and entered the United States when she was six (6) years old and has remained in the country. *Id.* at 6; Dkt. No. 7 ("Answer"). She is currently thirty-three (33) years old. (Pet. ¶ 28.) Petitioner entered the United States at an unknown

time and at an unknown place without being admitted or paroled, also known as Entry Without Inspection, or EWI. (Ans.)

On January 13, 2020, Petitioner was placed in removal proceedings with the filing of a Notice to Appear ("NTA"), charging her as removable pursuant to INA § 212 (a)(6)(A)(i) (present without admission or parole).[1] (Pet. at 6.) Her removal proceedings remain pending. *Id.*

Petitioner was previously detained by ICE for several months, from January 2020 to October 2020. *Id.* at 6. She was released from ICE custody by a court bail order pursuant to the *Roman* class action in October 2020 during the COVID-19 pandemic.[2] *Id.*; *Roman v. Noem*, 5:20-cv-00768-TJH-PVC, Dkt. No. 612 (C.D. Cal. Oct. 2, 2020) (issuing a bail order granting Petitioner's release, because the Court found she had established "by a preponderance of the evidence, that she will not be a flight risk, will not be a danger to public safety").[3] The bail order releasing Petitioner also included several

---

[1] Title 8 U.S.C. § 1182(6)(A)(i) s the U.S. Code equivalent of the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).

[2] *Roman v. Wolf* was a federal class action case brought in the U.S. District Court for the Central District of California by noncitizens detained at the Adelanto ICE Processing Center in California. The plaintiffs alleged that conditions at the Adelanto ICE facility violated their Fifth Amendment due process rights by failing to provide reasonably safe conditions during the COVID-19 pandemic. *See Roman v. Wolf*, No. ED CV 20-00768 TJH, 2020 WL 6107069, at *1 (C.D. Cal. Oct. 15, 2020), *order clarified,* No. ED CV 20-00768 TJH, 2021 WL 4621946 (C.D. Cal. Mar. 10, 2021). The class action permitted the Court to release detainees pursuant to bail orders.

[3] The *Roman* class action's Settlement Agreement required notice to class counsel of a class member's re-detention as soon as possible after re-detention and within three business days of the redetention. *Roman v. Noem,* 5:20-cv-00768-TJH-PVC, Dkt. No. 2636-2 (C.D. Cal. Dec. 23, 2024) ("Settlement Agreement"). However, On June 11, 2025, the District Court accepted the joint stipulation of voluntary dismissal, which effectively canceled all requirements in Petitioner's bail order. *Roman v. Wolf*, Case No 5:20-cv-00769, Dkt. No. 2708 (C.D. Cal. June 11, 2025.) (accepting the joint stipulation of voluntary dismissal with prejudice, vacating bail orders issued in this case).

requirements for release, such as complying with location monitoring, and a requirement to not violate any federal state or local laws.

Petitioner struggles with her mental health and is diagnosed with bipolar disorder with psychotic features, anxiety, and post-traumatic stress disorder (PTSD). (Pet. at 7.) On June 29, 2020, Petitioner was found incompetent to represent herself due to her severe mental health issues and appointed a Qualified Representative to represent her in her removal proceedings pursuant to the *Franco-Gonzalez v. Holder* litigation.[4] *Id*. On June 16, 2025, Petitioner was transferred directly from California State criminal custody to ICE custody. *Id*.

Since her release in October 2020, Petitioner reunited with her family, enrolled in a rehabilitation program, and checked in with ICE. *Id*. However, Petitioner struggled with her mental health and houselessness and relapsed to drug use. *Id*. Between 2017 and 2024, she was convicted of grand theft, two burglaries, and vandalism.[5] *Id*.; Ans. at 3.

On June 16, 2025, Petitioner was transferred directly from California state criminal custody to ICE custody. (Ans. at 3.) Upon re-detention, Petitioner argues that neither Petitioner nor her appointed Qualified Representative counsel were provided with pre-deprivation process including notice of her re-detention, the reason for her re-detention, or an opportunity to

---

[4] *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG DTBX, 2013 WL 3674492, at *8, 20 (C.D. Cal. Apr. 23, 2013) (holding that the Rehabilitation Act requires sub-class one members, or those that lack the mental competence to represent themselves, be provided with a qualified representative as a reasonable accommodation for their disability "in all aspects of their removal and detention proceedings").

[5] In September 2017, she was convicted for a violation California Penal Code ("CPC") § 459, First Degree Burglary. On April 3, 2019, Petitioner was convicted of CPC § 487(D)(1), Grand Theft. On March 9, 2022, Petitioner was convicted for CPC § 459, First Degree Burglary. On October 9, 2024, Petitioner was convicted of CPC §594(a), Vandalism. (Ans. at 3.)

respond. (Pet. ¶ 37.) Instead, Petitioner was asked if she would like to be deported or be detained. Petitioner alleges that upon re-detention, she was not provided with an opportunity to consult with her attorney nor advised of her right to consult with the Mexican consulate. *Id.*

On December 18, 2025, Immigration Judge Maury conducted a bond hearing pursuant to *Franco-Gonzalez v. Holder* and *Rodriguez v. Robbins*. *Id.* ¶ 40. Petitioner had the benefit of counsel at the hearing. (Ans. at 3.) Based on the text of the Form I-213, the IJ concluded that Petitioner was a danger to the community and a flight risk. *Id.* On January 15, 2026, Petitioner filed an appeal of the Immigration Judge's denial of bond which remains pending. (Pet. ¶ 40.)

Petitioner filed an application for asylum, withholding of removal, and protection under the CAT as a defense from removal. (Pet. ¶ 41.) The basis for relief is a well-founded fear of future persecution based on her particular social group of "individuals with bipolar disorder, with psychotic features, who exhibit erratic behavior." *Id.* Her hearings have been scheduled and rescheduled most recently to June 11, 2026, at 1:00 pm. *Id.* ¶ 42. It is unclear if that took place.

On May 6, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, arguing Respondents detained her without notice and a hearing prior to re-detention thereby violating her due process rights, that her detention has become unreasonable and prolonged, and that Respondents violated 8 C.F.R. § 236.1(e). She seeks an order requiring Respondents to

release her from immigration detention or any relief this Court deems fit and proper. (Pet.)

In their Answer, Respondents ask the Court to deny the Petition because; (1) Petitioner fails to show that she exhausted her administrative remedies and why exhaustion should be waived in this case; (2) Petitioner received a legally adequate bond hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018) and *Franco-Gonzalez v. Holder*, CV 10-02211 (C.D. Cal. April 23, 2013) rendering her request for relief via immediate release moot; (3) the Court lacks jurisdiction to overturn the bond decision of the IJ; and (4) Petitioner's detention is authorized by law, per se not punitive, and a result of her own actions in violating immigration and criminal laws of the United States. (Ans.) The Respondents do not present an argument for Petitioner's due process claim regarding a lack of pre-deprivation process.

## III. PROCEDURAL HISTORY

Petitioner filed the instant habeas petition on May 6, 2026. (Pet.) Also on May 6, 2026, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. (Dkt. No. 2.) That same day, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 3.) Respondents filed their Answer on May 13, 2026. (Ans.) Petitioner filed her Reply on May 18, 2026. (Dkt. No. 8.) Thus, the matter is fully briefed.

The action has been fully consented to according to the General Order 26-05 and will proceed before a magistrate judge. (Dkt. No. 5.)

## IV. DISCUSSION

Below, the Court addresses Petitioner's claim on the merits that she has been unlawfully detained.

For the reasons that follow, the Court concludes that Petitioner's current detention is mandatory pursuant to 8 U.S.C. § 1226(c) ("§ 1226(c)"), and her re-detention without pre-detention process does not violate her due process rights. But, as Petitioner has been in custody for longer than fifteen months, the Court finds her detention is unreasonably prolonged and she is owed a bond hearing within seven days.

Therefore, the Court **GRANTS** in part and **DENIES** in part the habeas petition.

### A. The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction. Title 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id*. (citing *INS v. St. Cyr*, 533 U.S. 289, 301–03 (2001)).

"[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir.

2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention under § 1226(c). *See Demore v. Kim,* 538 U.S. 510, 517 (2003).

Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

**B. Petitioner is Detained Pursuant to 8 U.S.C. § 1226(c) Which is a Mandatory Detention Provision**

While § 1226(a) allows the Attorney General to either detain or release noncitizens while their removal proceedings are pending, § 1226(c) imposes mandatory detention on certain noncitizens. Under § 1226(c)(1)(E)(i), the "Attorney General shall take into custody" any noncitizen who is inadmissible under § 1182(a)(6)(A) "and who is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(i). This section provides for mandatory detention of certain categories of noncitizens, including those who, as relevant here, have been convicted of certain enumerated crimes. *See* 8 U.S.C. § 1226(c)(1).

Here, Petitioner is presently detained under 8 U.S.C. § 1226(c). Petitioner's NTA from January 13, 2020, charged her with inadmissibility pursuant to 8 U.S.C. § 1182(6)(A)(i) (INA § 212(a)(6)(A)(i)). Petitioner was deemed inadmissible as "an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place

other than as designated by the Attorney General." (Dkt. No. 1-2 at 7.) Additionally, in September 2017, Petitioner was convicted of first-degree burglary in violation California Penal Code ("CPC") § 459. On April 3, 2019, Petitioner was convicted of grand theft. Then on March 9, 2022, Petitioner was convicted of first-degree burglary. (Ans. at 3.) Petitioner's convictions for theft and burglary fall squarely within the plain language of 8 U.S.C. § 1226(c)(1)(E), subjecting Petitioner to mandatory detention.

**C. Prolonged Detention Under § 1226(c) Warrants a Bond Hearing**

Because Petitioner's detention is governed by § 1226(c), detention is mandatory, and Petitioner is not entitled to a bond hearing by statute. *See Demore v. Kim*, 538 U.S. 510. 513, 529 n.12, 530 (2003) (upholding the mandatory detention under § 1226(c) with the understanding that detention is relatively "brief" and "limited" and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal").

However, due process protections do not disappear simply because mandatory detention under § 1226(c) is at least initially permissible. The Ninth Circuit has concluded that "prolonged detention without adequate procedural protections would raise serious constitutional concerns." *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008). "[W]hen detention becomes prolonged, § 1226(c) becomes inapplicable." *Pirir Suruy v. Dep't of Homeland Sec.*, No. 5:26-CV-00193-RGK-AS, 2026 WL 1806773, at *2 (C.D. Cal. May 1, 2026) (quoting *Rodriguez v. Robbins*, 715 F.3d 1127, 1138 (9th Cir. 2013) ("*Rodriguez II*")).

In *Rodriguez II*, the Ninth Circuit held that "while mandatory detention under § 1226(c) is not constitutionally impermissible per se, the statute

cannot be read to authorize mandatory detention of criminal aliens with no limit on the duration of imprisonment." *Rodriguez II*, 715 F.3d at 1137. The court found, § 1226(c)'s "mandatory language must be construed 'to contain an implicit reasonable time limitation, the application of which is subject to federal-court review.'" *Id.* at 1138 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). When detention becomes prolonged—when it has lasted six months and is expected to continue more than minimally beyond six months—the noncitizens detained pursuant to § 1226(c) are entitled to a bond hearing. *Rodriguez II*, 715 F.3d at 1138. After detention becomes prolonged, "detention authority shifts to § 1226(a), which is discretionary." *Vivorakit v. Holder*, 2015 WL 4593545, at *3 (N.D. Cal. July 30, 2015).

Though the Ninth Circuit has yet to take a position on whether due process requires post-deprivation bond hearing under § 1226(c), many other United States Circuit Courts and "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" because of possible due process violations. *Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022), *cert. granted, judgment vacated,* 144 S. Ct. 1339 (2024). *See Black v. Decker*, 103 F.4th 133, 145–159 (2d Cir. 2024); *Reid v. Donelan*, 17 F. 4th 1, 7 (1st Cir. 2021); *German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203, 212–214 (3d Cir. 2020).

Other Courts have applied variations of a balancing test to determine whether a petitioner's due process rights under the Fifth Amendment were violated when they were not afforded a bond hearing while detained under § 1226(c). *See German Santos*, 965 F.3d at 211 (considering four factors when evaluating prolonged detention under § 1226(c): (1) "the duration of detention" in relation to the six months prescribed in *Demore*; (2) "whether the detention is likely to continue;" (3) "the reasons for the delay;" and (4) "whether the

alien's conditions of confinement are meaningfully different from criminal punishment.").[6]

Applying the factors laid out in the *German Santos*, this Court finds that Petitioner's detention amounts to arbitrary prolonged detention in violation of the Due Process Clause of the Fifth Amendment and she is owed a second bond hearing.[7] Petitioner was detained in June 2025 and received a bond hearing six months later on December 18, 2025. (Ans. at 4.). Now, Petitioner has been detained for an additional nine months after that. *Demore* contemplated detention under § 1226(c) would be "brief" "roughly a month and a half" to "about five months." *Demore*, 538 U.S. at 530. Clearly, fifteen months in detention far exceeds that range. Moreover, her detention is likely to continue as she has been scheduled and rescheduled for an asylum hearing and it is unclear whether that will take place anytime soon. Although Petitioner has appealed the decision from her first bond hearing to the BIA (and it remains pending as of the filing of this petition), this Court finds that due to her prolonged detention, she is now due another bond hearing.

The Court agrees with other circuits who find that after prolonged detention under § 1226(c), "authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011).

---

[6] The Second Circuit held that a due process challenge to prolonged detention under § 1226(c) should be reviewed under the familiar *Matthews* analysis. *Black v. Decker*, 103 F.4th 133, 147 (2d Cir. 2024).

[7] It is important to note that the Ninth Circuit has only ruled that a petitioner detained under nonmandatory detention is not owed a second bond hearing due to prolonged detention

D. **Petitioner's Re-Detention without Pre-deprivation Process Does Not Violates Due Process.**

Petitioner argues her due process was violated because she did not receive pre-deprivation process before her re-detention. Respondents argue that "if not for Petitioner's blatant disregard for the laws" and committing numerous recent crimes she would not be in immigration detention. As explained above, Petitioner is detained under a mandatory statutory provision and is not owed pre-deprivation process. *See Lucena-Ojeda v. Noem*, No. 2:26-CV-00085-BAT, 2026 WL 279353, at *3 (W.D. Wash. Feb. 3, 2026) (noting "if Petitioner is redetained Respondents shall provide Petitioner predetention notice and a hearing *unless detention is statutorily mandatory*") (emphasis added).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, the government may not deprive a person of "life, liberty, or property, without due process of law." U.S. CONST. amend. V. The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Session*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. *Id.* at 693–94. Freedom from physical restraint lies at the core of this protection. *See id.* at 690–91.

In analyzing a procedural due process claim, the Court determines whether the detainee "was deprived of a constitutionally protected liberty or property interest," and "whether that deprivation was accompanied by sufficient procedural protections" using the test enunciated in *Mathews v. Eldridge*. *Johnson v. Ryan,* 55 F.4th 1167, 1179–80 (9th Cir. 2022).

The statutory language in § 1226 dictates that the Attorney General has the authority to detain or release a non-citizen. 8 U.S.C. § 1226. The Attorney General may not release a non-citizen detained under § 1226(c) pending the outcome of their deportation proceedings unless release is necessary for witness protection, which is not at issue in this case. *See id.* § 1226(c)(2); *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022)

In Petitioner's case, the Court—not the Attorney General or DHS—released her and other detainees from custody pursuant to the 2020 *Roman* class action during Covid-19. (Pet. ¶ 30.) The Court found by a preponderance of evidence that she would not be a danger and not a flight risk. But the requirement for release by statute is that the Attorney General, not the court, makes the determination that a noncitizen is not a flight risk and not a danger and to release. The court's bail order released Petitioner from custody to relieve her of safety concerns in detention during Covid-19. DHS and the Attorney General still possess the authority to detain Petitioner for immigration purposes.

This principle—that any required pre-deprivation process relies on an initial finding by DHS or an IJ that the petitioner is not a danger or a flight risk—is a key distinction with much of the support from Petitioner's Petition. For example, in *Hogarth v. Santacruz*, the petitioner was detained pursuant to § 1226(c) due to a robbery conviction. He filed a habeas petition because he

had been detained for a prolonged period under § 1226(c). The court ordered the IJ to grant a bond hearing. At the bond hearing, The IJ determined that the government had not met its burden to establish that petitioner was a danger to the community and/or a significant flight risk and the IJ ordered petitioner to be released from custody. *Hogarth v. Santacruz*, No. 5:25-CV-09472-SPG-MAR, 2025 WL 3211461, at *9 (C.D. Cal. Oct. 23, 2025). When the *Hogarth* court found that the petitioner had a liberty interest, that finding was still based on an initial determination and release by the IJ. Likewise, in *Venega-Maltez v. Semaia,* DHS "released Petitioner into the United States on humanitarian parole." *Venega-Maltez v. Semaia*, No. 5:26-CV-00525-JAK (AGRX), 2026 WL 846035, at *1 (C.D. Cal. Mar. 24, 2026).

Here, however, Petitioner was released in 2020 pursuant to a court order due to covid conditions in detention—the *Roman* class bail order—not by a decision by DHS or an IJ. The reason the court in *Hogarth* and *Venega-Maltez* found the Petitioner was owed future pre-deprivation process was based on the liberty interest created by the IJ's decision to release petitioner. Thus, as the Court does not find a protected liberty interest in her release, Petitioner is not owed any pre-deprivation process.

Finally, even if there were a liberty interest create by the court releasing Petitioner, her convictions of two enumerated crimes triggered mandatory detention under § 1226(c)(1)(E), even after her 2020 release. The mandatory provision in § 1226(c) justifies her re-detention without further process. *Mandhan v. Mullin*, No. 1:26-CV-04809 (EJD), 2026 WL 2363531, at *2 (E.D. Cal. Aug. 13, 2026). *See Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03858-JLT-SAB, 2026 WL 1707711, at *2 (E.D. Cal. June 12, 2026) (denying petition where Petitioner previously released on own recognizance, but re-detained pursuant to § 1226(c)(1)(E)); *Haryana-Sandhir*

*v. Warden Golden State Annex*, No. 1:26-CV-0405-DJC-SCR, 2026 WL 1079374, at *1 (E.D. Cal. Apr. 21, 2026), *report and recommendation adopted*, No. 1:26-CV-0405-DJC-SCR, 2026 WL 1189129 (E.D. Cal. Apr. 30, 2026).

### E. Remaining Claims

Because the Court finds that Petitioner is entitled to partial habeas relief on her claim regarding her prolonged detention, the Court declines to address alternative arguments.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Petition. Respondents are ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond, within seven (7) days of this Order.

IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner, Rosa Castillo Grimaldo to be provided with a bond hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received a new bond hearing. Pursuant to the *Franco-Gonzalez v. Holder* litigation, Petitioner lacks the mental competence to represent herself and must be provided with a qualified representative in all aspects of her removal and detention proceedings. *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG DTBX, 2013 WL 3674492, at *8, 20 (C.D. Cal. Apr. 23, 2013). Her qualified representative must appear at the bond hearing.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: September 28, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE